Neilson, Ch. J.
This action was brought to recover wages, the earnings of the defendant, under an agreement made on or about January 12, 1878. It is stated in the complaint that the plaintiff was employed by the defendant and his wife, and that the services had been continued until the time when the action was brought.
It is obvious that the agreement • must be treated as having been made by the defendant, and that the words “and his wife” are to be regarded as superfluous. The action was therefore properly brought against the defendant alone.
The real question is whether the defendant, thus employing the plaintiff, was liable for the wages which accrued after September 12, 1879, on which day her wages were paid in full by the defendant, who then and there dismissed her from his service. She had been hired by the nionth—could have retired from the service at the end of any month ; in other words, as she could not have been compelled to stay she could not, at her own election, claim that the defendant was obliged to have her remain; and there is no fiction by which an arbitrary right to continue the arrangement could now be imputed or implied.
The character of the action and the grounds on *410 which a recovery is sought are to be found in the complaint. It is clear that the plaintiff is to recover by virtue of the contract of January 12, 1878,—no other agreementis setup or suggested,—and because the employment continued under it as alleged, or not at all. We have nothing to do with the defendant’s ability or disposition to employ a servant, nor are we at liberty to distinguish this case from any other where a servant has been employed and dismissed, where a contract has been once made and in due time determined ; nor can we continue, as if in full force, an agreement which has been legally put an end to.
The ingenious and learned counsel for the plaintiff made some appeal, on the trial, to equitable principles. Thus, as the defendant could and should pay a servant, and as one was needed, it seemed to him that he should not have dismissed a servant without employing another. But why should he put another girl in place, while, as he may have seen, the plaintiff remained, when, for aught, he may have known, his wife might have concluded to economize, and, for a time, dispense with a servant ?
But'a question put by the court to the defendant’s wife, as to his refusal to supply a servant, went to the ■merits : “ Did you make any request of him to do it?” Answer : “No sir.” Nor did she talk with him on the subject. Could she not write to him ? It seems to me, as it may have seemed to the learned judge, that such a request should have been made before the defendant could be considered in fault, and before, on the mere conjecture of his refusal, the plaintiff could assume to right the wrongs of the family by acting as if her contract had not been annulled. It is a familiar principle that where a husband is charged with necessaries for his family, supplied by another, a previous notice or request and a neglect or refusal on his part is necessary. It may well be that if, after the plaintiff’s discharge, the *411 defendant had refused to employ or send in another servant, though necessary, his wife may have employed one, and in a special action on the case setting up that refusal and the necessity of the aid and service thus procured, the defendant might have been liable. But that action would be very unlike the present action.
The amount involved in the action is small, but I think the principle is important, and that the jury erred in their finding.
I am therefore of opinion that the judgment and order should be reversed and a new trial granted, costs to the appellant to abide the event.
McCue, J.-, concurred.